McLEOD LUMBER Co. *v*. MANASSA TIMBER Co.

(Division B. Jan. 10, 1938.)

[178 So. 83. No. 32956.]

F. M. Morris, of Hattiesburg, for appellant.

**Heidelberg & Roberts,** of Hattiesburg, for appellee.

Argued orally by **F. M. Morris**, for appellant, and by **M. M. Roberts**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The declaration in this suit was filed by the appellant against the appellee for $5,277.50 on one count, and for $226.51 on a second count. The second count was adjusted, and disappeared from the case. The first count of the declaration alleged a contract for certain sticks of piling which the appellant was to produce for the appellee; stating that it was engaged in such business and had contracted to buy the necessary piling; but that the appellee defeated the successful carrying out of this contract to obtain and deliver to it the piling, by itself dealing directly with the subproducers, thus rendering it impossible for appellant to secure, under its arrangement, the timbers which it had agreed to produce and deliver to the appellee.

It is alleged in the declaration that there remained undelivered 351,833 linear feet of said piling, upon which the appellant was entitled to a profit of one and a half cents per linear foot, aggregating the sum of $5,277.50, which could and would have been produced within the time fixed by the contract, September 1, 1933. The declaration further avers that appellant was ready, willing, and anxious to carry out the provisions of its contract, but was prevented from doing so by the wrongful conduct of appellee in dealing directly with the subproducers, thereby interfering with appellant's arrangement with them.

It appears that the Manassa Timber Company was a foreign corporation, which had filed its charter with the secretary of state in accordance with the law, and appointed an agent, with residence in Tippah county, where the Manassa Company had its place of business, upon whom process could be served, binding the company as though it were a domestic corporation. The record shows that appellant had negotiated with parties in Louisiana to supply it with the piling to fill this order; and that the appellee had purchased from the parties

in Louisiana timber of a similar kind; and appellant contends that the contract was breached by the wrong done in Forrest county, where the appellant is domiciled. The declaration was filed in Forrest county, and summons issued, directed to Tippah county, and served upon the agent appointed by the appellee in that county. The appellee filed a plea in abatement to the jurisdiction of the court, in which it was alleged that the cause of action complained of did not occur or accrue in Forrest county, Miss., and that the appellee is not domiciled in Forrest county, does not have its principal place of business there, and in fact is not engaged in business in that county; that the allegation of the plaintiff, set up in the declaration, was a claim occurring or accruing outside of Forrest county, Miss.; that the appellee is a foreign corporation, domiciled in St. Louis, Mo.; that it has an agent for the service of process in Mississippi; and that, if appellant has a claim of any kind against the appellee in the nature of a breach of contract incurred outside of Forrest county, Miss., the court has no jurisdiction, as claimed in the declaration, all of which the defendant is prepared to verify; and the plea in abatement is sworn to.

The court below sustained the plea in abatement, and dismissed the suit at appellant's cost. Section 495, Code 1930, reads as follows: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided, and except actions of trespass on land, ejectment, and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either

of them, the action shall be brought in the county of his residence, and in such cases, process may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence.''

We are of the opinion that the jurisdiction of the action in this case was in Tippah county, not in Forrest county. The alleged wrongful conduct of the appellee occurred outside of the state of Mississippi, and the cause of action, if any, occurred or accrued there, under the language of the above section. The words ''in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue'' limit the bringing of the suit, on the facts in this case, to the domicile of the corporation; and under our statute of domestication the appellee was to be treated as though domiciled in Tippah county; and, since the cause of action did not occur in Forrest county, the court there was without jurisdiction.

We are therefore of the opinion that the court below was correct in dismissing the suit, and the judgment is affirmed.

Affirmed.